UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH A. DYER, JR. , MICHAEL A. HILL, ROBERT P. ANDERSON, JOSEPH T. ALLEN, COREY W. BOWERS, CALVIN A. WILLIAMS, TAVAREN D. LATIMER, RICKY R. MCGEE, PATRICK B. MINOR, ANDREW TOMLIN and JOHNNY L. WALTERS,

    Plaintiffs,

v.                                                                 Case No:   6:15-cv-1512-Orl-40TBS

M&M ASPHALT MAINTENANCE INC., ALL COUNTY PAVING, INC., JEFFREY COHEN, KENNETH GOLDBERG and DAVID GOLDBERG,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Defendants filed a Notice that this case is related to Kenneth Dyer, et al. v. M&M Asphalt Maintenance, Inc., All County Paving, Inc., Jeffrey Cohen, Kenneth Goldberg and David Goldberg, Case No. 6:15-cv-959-Orl-37KRS ("Dyer I").   On November 30, 2015, I directed the parties to advise the Court in writing whether this case ("Dyer II") should be consolidated with Dyer I (Doc. 23).   Plaintiffs responded that the cases should not be consolidated (Doc. 24), Defendants responded that the cases should be consolidated (Doc. 30).   The issue is now ripe for a decision.   For the reasons stated herein, I respectfully recommend that the cases be consolidated through the end of the discovery period.

### I. Background

In Dyer I, Plaintiffs Kenneth A. Dyer, Jr., Henry L. Kemp, Jr., Marquis D. Grooms, and Kirk Sandy collectively, allege that Defendant M&M Asphalt Maintenance Inc. d/b/a

All County Paving failed to pay them overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et al. (Dyer I, Doc. 1). The Dyer I complaint was filed on behalf of other similarly situated laborers and drivers (Id. ¶¶ 54-63). Numerous individuals have joined the case as opt-in Plaintiffs (Dyer I, Docs. 17-31, 33-34, 40-43, 45-49, 58-59, 94, 106, 117-119).

In Dyer II, Plaintiffs Kenneth A. Dyer, Jr., Michael A. Hill, Robert P. Anderson, Joseph T. Allen, Corey W. Bowers, Calvin A. Williams, Tavaren D. Latimer, Ricky R. McGee, Patrick B. Minor, Andrew Tomlin, and Johnny L. Walters (all of whom are also parties to Dyer I), collectively allege that Defendants M&M Asphalt Maintenance Inc. d/b/a/ All County Paving, All County Paving, Inc. Jeffrey Cohen, Kenneth Goldberg, and David Goldberg retaliated against them in violation of the FLSA, 29 U.S.C. § 215 (Dyer II, Doc. 1). Specifically, they allege that immediately after the Dyer I complaint was served on M&M Asphalt, "Defendants willfully retaliated against Plaintiffs and other similarly situated Laborers and Drivers by reducing their working hours, termination, and the Defendant closing the Orlando, Florida department where Plaintiffs and the other similarly situated Laborers and Drivers worked" (Id. ¶ 54). Several individuals have opted into the Dyer II lawsuit (Docs. 33-44).

## II. Discussion

A district court may consolidate actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). It is not necessary that the common question of law or fact predominate, rather, courts look to whether (a) commonality exists, (b) whether consolidation would streamline litigation or be otherwise beneficial, and (c) whether undue prejudice would ensue. See Habitat Educ. Center, Inc. v. Kimbell, 250 F.R.D. 390, 394 (E.D. Wisc. 2008); see also Guenther v. Novartis Pharm. Corp., 2012 U.S. Dist. LEXIS 154748, at *6-7 (M.D. Fla. Oct. 12, 2012); 9A Charles A. Wright & Arthur R. Miller,

Federal Practice & Procedure § 2382 (3d ed. 2008) ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions").

Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)). A district court's decision regarding consolidation is discretionary and should be based on a consideration of the following factors: (1) "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues" (2) "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits," (3) "the length of time required to conclude multiple suits as against a single one," (4) and, "the relative expense to all concerned of the single-trial, multiple-trial alternatives." Id. (citing Arnold v. E. Air Lines, Inv., 681 F.2d 186, 193 (4th Cir. 1982)).

Defendants argue that these cases should be consolidated because

> [B]oth lawsuits arise out of the same operative facts, they are both based on and seek relief under the FLSA, both lawsuits involve the same counsel of record, and all of the Plaintiffs in Dyer II are parties to Dyer I ... [C]onsolidation is appropriate as it will not only eliminate the risk of inconsistent legal and factual determinations on matters presented to the Court, but it will also simplify the issues addressed in these lawsuits, avoid the unnecessary duplication of discovery (as well as the burden and added expense associated therewith), streamline litigation, and avoid needless delay caused by performing repetitious tasks and functions in both Dyer I and Dyer II ... Moreover, consolidation poses no threat of prejudice to any party, especially as both cases are currently in their infancy, where there has been limited motion practice, no depositions have been taken, and minimal discovery has been conducted in Dyer I and no discovery has been conducted in Dyer II.

(Doc. 30 at 2-3). Plaintiffs oppose consolidation on the grounds that there are no common issues of law or fact and consolidation will cause delay, prejudice and jury confusion (Doc. 24 at 6).

    A.  <u>FLSA Wage Claims and FLSA Retaliation Claims May Be Consolidated</u>

Plaintiffs rely on <u>Schoendorf v. Toyota of Orlando</u>, No. 6:08-cv-767-Orl-19DAB, 2009 WL 536550, at *1 (M.D. Fla. Mar. 3, 2009); <u>Pugh v. Baker Hughes Oilfield Operations, Inc.</u>, Civil Action Nos. H-07-2346, H-07-2869, 2007 WL 3378377 (S.D. Tex. Nov. 13, 2007); <u>E.E.O.C. v. Coastal Transp. Serv., Inc.</u>, Civil Action No. V-07-36, 2007 WL 2126609 (S.D. Tex. July 20, 2007); and <u>Perez v. Pavilch, Inc.</u>, Civil Action Nu. 07-2576-CM, 2008 WL 4544379 (D. Kan. Oct. 8, 2008), for the proposition that Dyer I and Dyer II do not involve the same law or facts (Doc. 24). These cases do not stand for the proposition that FLSA wage and retaliation cases cannot be consolidated. Additionally, all of the cases cited by Plaintiffs are distinguishable on their facts. Each involves attempts to consolidate FLSA wage claims with Title VII claims. The analysis of a retaliation claim based on the FLSA and Title VII are not necessarily interchangeable and it is possible for a plaintiff to maintain inconsistent theories of retaliation under these laws. <u>See</u> <u>Allen v. S. Commc'ns Serv., Inc.</u>, 963 F. Supp. 2d 1242, 1254 (N.D. Ala. Aug. 5, 2013). <u>Walters v. Centr. States Coca-Cola Bottling Co.</u>, is also distinguishable because it involved a Plaintiff who sought to consolidate an entire FLSA case [wage AND retaliation claims] with a Title VII case for purposes of trial. Case No. 98 C 4526, 2001 WL 1263680, at *5 (N.D. Ill. Oct. 17, 2001). The Court declined to consolidate "because of the apparent lack of overlap between Plaintiff's claim for overtime pay and the issues remaining for trial in the Title VII case." <u>Id.</u> Instead, the court consolidated Plaintiff's FLSA and Title VII retaliation claims because of the existence of significant factual overlap. <u>Id.</u> The question of whether to consolidate the FLSA wage claim with only the

- 4 -

FLSA retaliation claim was not before the court in that case, as it is here.

There is no legal principle that bars consolidation of these cases if the Court finds sufficient commonality and lack of prejudice.  Contrary to Plaintiffs' assertions, courts *have* consolidated FLSA actions for unpaid wages with FLSA actions for unlawful retaliation.  See generally Olivas v. Little Havana Check Cash, Inc., 324 F. App'x 839, 840 (11th Cir. April 27, 2009); Bonds v. GMS Mine Repair & Maint., Inc., No. 2:13-cv-1217, 2014 WL 6682475, at *1 (W.D. Pa. Nov. 25, 2014).

    B. Sufficient Commonality Exists to Streamline Litigation and Consolidate Dyer I and Dyer II for Discovery Purposes Only

In Dyer II, Plaintiffs allege that they were subjected to retaliation by Defendants as a result of filing Dyer I.  The cases are inextricably linked because, Plaintiffs argue that but for Dyer I, the adverse actions giving rise to Dyer II would not have occurred. Facts common to both cases have been generally alleged and will have to be proven: (a) that Plaintiffs were employed by Defendants, (b) that throughout their employment by Defendants, Plaintiffs worked in excess of 40 hours per week for numerous weeks, and (c) that Plaintiffs were not compensated for all overtime hours worked (Doc. 1 ¶¶ 8-50; Dyer I, Doc. 1 ¶¶ 8-33, 50).  These averments of fact are sufficient to demonstrate commonality and support consolidation to streamline the litigation.  See FED. R. CIV. P. 42(a); Hendrix, 776 F.2d at 1495.  However, looking past the factual commonalities and into the legal framework, it appears that consolidation beyond the discovery stage may not be practical due to the fact that the retaliation and wage claims require different elements of proof and allow for different damages.[1]

---

[1] To establish a prima facie case of retaliation under the FLSA, the Dyer II Plaintiffs must prove that they (1) engaged in protected activity, (2) subsequently suffered an adverse employment action, and (3) there is a causal connection between Defendants' actions and the adverse decision. Barrett v. Capital Acquisitions and Mgmt. Co., No. 03-62091CIV, 2005 WL 5435098, at *6 (S.D. Fla. Jan. 26, 2005).

To establish a prima facie case for unpaid overtime compensation under the FLSA, the Dyer I

- 5 -

It is not necessary that consolidated cases merge into a single action or that the parties in one suit become parties to the other; rather, "consolidation [may be] permitted as a matter of convenience and economy in administration." 9A Wright et al., *supra*, § 2382 (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479 (1933)); see also Boardman Petro., Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998). It is also not necessary that cases be consolidated for the entirety of the litigation. Courts may consolidate cases only for the discovery phase or through the expiration of any other pretrial proceeding. See 9A Wright et al., *supra*, § 2382 ("Although the language of Rule 42(a) suggests otherwise, consolidation need not be only for trial. Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court."). Given the commonalities in these cases, I see an opportunity to satisfy the objective of Rule 42(a) by streamlining the discovery process so as to avoid duplicate or repetitious discovery requests in these cases. Both parties support consolidation for discovery purposes (Doc. 24 at 11-12; Doc. 30 at 8-9)

Therefore, because the cases share common facts but will require proof of different elements at trial, I respectfully recommend that the cases be consolidated only through the conclusion of discovery, at which time the district court can make a determination regarding whether trial should likewise proceed on a consolidated basis. See Soler v. G & U, Inc., 477 F. Supp. 102, 106 (S.D.N.Y. 1979).

### C. Consolidation Will Not Prejudice Dyer I Litigants

Plaintiffs argue that consolidation of Dyer I and Dyer II would result in undue

---

Plaintiffs must demonstrate (1) that an employment relationship existed between the parties, (2) that they were employees engaged in commerce or employed by an "enterprise" engaged in commerce, (3) that Defendants failed to pay overtime compensation as required by the statute, and (4) that they are "owed the amount claimed by a just and reasonable inference." Buckley v. Hoofnagle, No. 6:07-cv-752-Orl-22DAB, 2008 WL 4459047, at *3 (M.D. Fla. Oct. 3, 2008).

- 6 -

prejudice to Dyer I litigants because "[b]oth [p]arties have already propounded substantial paper discovery in Dyer I ... [which was] directed to the specific issues in the case" (Doc. 24 at 11).   Plaintiffs argue that if the cases are consolidated, the parties will necessarily run afoul of the discovery rules (i.e. number of interrogatories permitted) (Id.).

On December 30, 2015, the district judge entered a Case Management and Scheduling Order ("CMSO") in Dyer I, in which he established September 16, 2016 as the discovery deadline and set the case on his May 1, 2017 trial term calendar (although no specific trial date was selected) (Dyer I, Doc. 107 at 3).   Motion practice is indeed underway in that case as a motion for conditional class certification (Dyer I, Doc. 98) and a motion to compel (Dyer I, Doc. 120) remain pending on the docket.   But, Defendants have stated (and Plaintiffs have not contradicted) that depositions have not yet taken place; the first sets of discovery requests have not yet been responded to; and dispositive motions have not been filed[2] (Doc. 30 at 3).   In Dyer II, the Rule 26 conference has not yet occurred and this Court has not entered a scheduling order to which the parties are expected to adhere.[3]   Therefore, I find that the procedural posture of both cases is not so different as to cause undue prejudice to the Dyer I litigants in the event the cases are consolidated.   The cases were filed within three months of each other and neither will be resolved by the Court for at least a year.[4]

---

[2] The CMSO in Dyer I established October 31, 2016 as the dispositive motion deadline (Dyer I, Doc. 107).

[3] On November 25, 2015, this Court entered an FLSA Scheduling Order on the docket (Doc. 21) but vacated it five days later (Doc. 22) and directed the parties to brief the Court on whether consolidation with Dyer I was appropriate (Doc. 23).

[4] Plaintiffs argue that consolidation would delay the resolution of Dyer I because Dyer II "will be ready for trial much quicker" than Dyer I (Doc. 24 at 10). This argument is unpersuasive. "The Court has authority under FED. R. CIV. P. 16(b) to manage its own docket and to require the parties appearing before it to comply with all established deadlines." Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc. 501 U.S. 32, 43 (1991)). Therefore, despite how quickly Dyer I litigants will be ready for trial, the Court has the sole authority to

Plaintiffs also argue that there is a substantial possibility that the Dyer I Plaintiffs will be prejudiced and that jury confusion will occur if these cases are consolidated. They contend that "in the retaliation case, the Defendants will be able to introduce evidence at trial of a 'legitimate business reason' for terminating specific Plaintiffs ... [and the] jury may utilize these facts as a kind of 'bad act' evidence" (Doc. 24 at 11).   Plaintiffs have not explained why any potential jury confusion could not be cured by a limiting instruction at trial should the Court decide to try the cases together.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that

(1) The cases be consolidated through the conclusion of discovery, and

(2) All subsequent filings be made in <u>Dyer v. M&M Asphalt Maintenance</u>, Case No. 6:15-cv-959-Orl-37KRS.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 7, 2016.

THOMAS B. SMITH
United States Magistrate Judge

---

schedule them for a trial date before, after, or at the same time as the Dyer II trial (which has not yet been scheduled for a date certain).

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties
    Honorable Roy B. Dalton, Jr.
    Honorable Karla R. Spaulding